Economy Engineering Co. *vs.* Commonwealth.

Suffolk. September 10, 1992. - December 14, 1992.

Present: Liacos, C.J., Wilkins, Abrams, Lynch, & Greaney, JJ.

*Proximate Cause. Negligence,* Ladder, One owning or controlling real estate, Comparative. *Joint Tortfeasors. Contribution. Evidence,* Relevancy and materiality.

In an action by the manufacturer of a ladder, seeking contribution from the Commonwealth toward a Federal court judgment based on the manufacturer's negligence and breach of warranty, the evidence warranted the jury's findings that the Commonwealth did not take reasonable care to maintain its premises (a college gymnasium where the ladder was kept) in a reasonably safe condition and that the Commonwealth's negligence was a proximate cause of a student's injury, independent of the manufacturer's negligence and breach of warranty. [792-793]

The manufacturer of a ladder was entitled to contribution from its joint tortfeasor, the Commonwealth, where negligence of the Commonwealth was a proximate cause of a State college student's injury on the ladder and was independent of the manufacturer's negligent and defective design of the ladder. [793-794]

In an action for contribution by the manufacturer of a ladder, whose liability on a theory of negligence and breach of warranty had been established in a Federal court action, evidence of the manufacturer's negligence was properly excluded and requested jury instructions on the manufacturer's fault were correctly denied, where that issue was irrelevant to the claim that the alleged joint tortfeasor was negligent in a manner independent of the manufacturer's negligence. [794]

In an action against the Commonwealth for contribution on a theory of negligence, the Commonwealth's liability was to be reduced by the percentage of contributory fault of the injured person, as determined by a jury in a prior proceeding. [794-795]

Civil action commenced in the Superior Court Department on December 4, 1985.

The case was tried before *J. Owen Todd,* J.

The Supreme Judicial Court granted a request for direct appellate review.

*Michelle A. Kaczynski*, Assistant Attorney General, for the Commonwealth.

*Anthony D. Murphy* for the plaintiff.

WILKINS, J. A Superior Court judgment ordered the Commonwealth, on the theory of contribution, to compensate the plaintiff (Economy) for a portion of a Federal court judgment that Economy satisfied. Michael Garrity, while a student at North Adams State College, was injured in the college's gymnasium when he jumped off a ladder manufactured by Economy. Garrity brought the Federal court action against Economy and received a favorable jury verdict based on both Economy's negligence and its breach of warranty.

In this action Economy seeks contribution from the Commonwealth on the theory that the Commonwealth's negligence was also a contributing cause of Garrity's injury. A Superior Court jury found that the Commonwealth was negligent and that its negligence was a proximate cause of Garrity's injury.[1] The Commonwealth appeals (1) arguing that the evidence did not warrant a finding of negligence; (2) asserting that between it and Economy the entire responsibility should be placed on Economy; and (3) challenging certain rulings of the trial judge. We granted the Commonwealth's application for direct appellate review. We reject all these arguments, but do accept the Commonwealth's further contention that its responsibility for contribution should be reduced to reflect the portion of the total fault that the Federal jury attributed to Garrity.

1. The evidence warranted a finding that the Commonwealth was negligent, in a way entirely independent of Economy's negligence and breach of warranty, and that the Com-

---

[1]The judge ruled that the Commonwealth was not obliged to contribute toward that portion of the Federal court judgment represented by prejudgment interest (see G. L. c. 258, § 2 [1990 ed.]), and Economy has not appealed.

monwealth's negligence was a proximate cause of Garrity's injury.

In December, 1979, Garrity participated in an intramural floor hockey game at the college's gymnasium. A substitute came in the game for Garrity, who then climbed up about six feet to sit on a platform-like step of a ladder manufactured by Economy. The ladder was made of angle iron, like scaffolding, and rested on wheels. When a fight broke out in the hockey game, Garrity jumped off the ladder to help break up the fight. His thumb caught in an intersecting metal joint of the ladder and was amputated. The college had a policy to instruct its personnel to keep people off the ladder. Two student supervisors were present, but no faculty member or administrator was there to supervise the activity. There were no signs warning people not to sit on or use the ladder. No one warned Garrity not to sit on the ladder.

The jury were warranted in finding that the Commonwealth did not take reasonable care to maintain its premises in a reasonably safe condition in the circumstances. *Mounsey* v. *Ellard*, 363 Mass. 693, 707-708 (1973). The evidence did not have to show that the Commonwealth knew or should have known of the defect in the ladder. Nor did the evidence have to show that the Commonwealth reasonably should have foreseen the precise manner in which Garrity was injured in order to prove that the Commonwealth's negligence tortiously caused Garrity's injury. See *Carey* v. *New Yorker of Worcester, Inc.*, 355 Mass. 450, 454 (1969). It was enough to prove causation to establish by a preponderance of the evidence that the injury to Garrity was a foreseeable consequence of the Commonwealth's negligence. See *Rae* v. *Air-Speed, Inc.*, 386 Mass. 187, 193 (1982).

2. Because the Commonwealth's negligence was independent of Economy's negligent and defective design of the ladder, Economy was entitled to contribution from its joint tortfeasor, the Commonwealth. See G. L. c. 231B, § 1 (1990 ed.); *Elias* v. *Unisys Corp.*, 410 Mass. 479, 480-482 (1991); *Wolfe* v. *Ford Motor Co.*, 386 Mass. 95, 100 (1982). For the same reason, the Commonwealth had no common law right

of indemnity against Economy. See *Elias* v. *Unisys Corp.*, *supra* at 482; *Rathbun* v. *Western Mass. Elec. Co.*, 395 Mass. 361, 364 (1985). Common law indemnification has been available traditionally only to a defendant whose liability was vicarious or formal. *Id.* This is not one of those rare cases where the fault of one joint tortfeasor (the Commonwealth) is so slight as to grant it rights of indemnity against another joint tortfeasor. See, e.g., *Hollywood Barbecue Co.* v. *Morse*, 314 Mass. 368, 370 (1943).[2]

3. The judge did not err in excluding the verdict slip in the Federal court action. That verdict slip had no relevance to proof of the tortious negligence of the Commonwealth.[3] The defective design of the ladder, established by the jury verdict in the Federal court case, had no bearing on the claim that the Commonwealth negligently failed to supervise the game and to warn against or restrict students' use of the ladder. The Commonwealth's requested jury instructions relating to Economy's fault in the design of the ladder were rightly denied for the same reason.

4. We agree with the Commonwealth that its liability should reflect Garrity's contributory fault, which the Federal jury fixed at 25 %. If Garrity had sued the Commonwealth in the first instance, Garrity's comparative fault would have been reflected in any judgment against the Commonwealth. See G. L. c. 231, § 85 (1990 ed.). The Commonwealth could have been liable to Garrity only for negligence, not breach of warranty. On the other hand, Economy's liability to Garrity for breach of warranty properly was not reduced by recogni-

---

[2]The Commonwealth also refers to a right of set-off. The right of set-off was largely replaced by the counterclaim procedures of Mass. R. Civ. P. 13, as amended, 385 Mass. 1215 (1982). See St. 1975, c. 377, § 111, repealing set-off provisions. The Commonwealth did not file a statutory counterclaim. None of the distinct areas in which set-off survives is applicable here. Moreover, the Commonwealth has not established that Economy was in breach of any warranty owed to the Commonwealth or what recoverable damages the Commonwealth sustained from any such breach.

[3]The judge submitted to the jury in the case before us only the questions of the Commonwealth's negligence and proximate causation.

tion of Garrity's contributory fault. See *Correia* v. *Firestone Tire & Rubber Co.*, 388 Mass. 342, 353-357 (1983).

Although there is much merit in considering comparative fault in determining contribution among joint tortfeasors, our statute concerning contribution does not focus on the relative fault of joint tortfeasors. See G. L. c. 231B, § 2 (*a*) (1990 ed.); *Zeller* v. *Cantu*, 395 Mass. 76, 81 (1985). We have not, however, said what effect, if any, to give to the contributory fault of the injured person when deciding the contribution rights and obligations of joint tortfeasors who would be liable in different amounts if the injured person were successful in an action against both tortfeasors. The contribution statute provides no guidance as to what effect, if any, to give to the injured party's contributory fault. Although we allow a joint tortfeasor who is liable on the theory of breach of warranty to obtain contribution from another joint tortfeasor who is liable for negligence (*Wolfe* v. *Ford Motor Co.*, *supra* at 99), we see no justification for disregarding the contributory fault of the injured person in measuring the negligent tortfeasor's obligation to make contribution when we would recognize contributory fault in determining the negligent tortfeasor's liability directly to the victim. Thus, the Commonwealth's obligation to contribute to Economy should be reduced by the percentage of Garrity's contributory fault found by the Federal jury.

5. The judgment is vacated so that judgment may be entered reflecting the tort victim's contributory fault in setting forth the amount that the Commonwealth must pay in contribution to the Economy Engineering Co.

*So ordered.*