Garsh, J.
Plaintiffs, Marjory Smith (“Smith”) and James Smith, commenced this action against the defendant/third-party plaintiff, Elof Eriksson, M.D. (“Eriksson”), alleging that Eriksson, during the course of reconstructive breast surgery, implanted a silicone-gel breast implant without Smith’s consent. Eriksson impleaded McGhan Medical Corporation (“McGhan”), manufacturer of the silicone-gel breast implant, seeking contribution and indemnification. McGhan seeks summary judgment pursuant to Mass.R.Civ.P. 56 on both counts of the third-party complaint. For the reasons stated below, McGhan’s motion for summary judgment is ALLOWED.[2]
BACKGROUND
The following facts are undisputed.[3] Smith’s alleged injuries arise out of reconstructive breast surgery performed by Eriksson in April 1991. During discussions prior to that surgery, Smith told Eriksson that she did not wish to have an implant. Smith had received a silicone-gel breast implant during a previous reconstructive breast surgery. It had to be removed because the site of the implant had become infected. For the second reconstructive surgery, Smith and Eriksson agreed that he would use the Iatissimusdorsi procedure to do the reconstruction rather than implanting silicone-gel. Smith signed a consent form that specifically identified the surgery to be performed as the Iatissimus-dorsi procedure.
Nevertheless, Eriksson implanted a silicone-gel breast implant and did not perform the Iatissimusdorsi procedure. The breast implant utilized by Eriksson was manufactured by McGhan. At oral argument, counsel for Eriksson represented that there is evidence that Eriksson failed to check the consent form prior to the surgery. Smith alleges that, as a result of the unwanted surgery performed by Eriksson, she *245 feels “physically and emotionally violated,” and that she has “an unwanted and potentially dangerous silicone implant in her body” causing her great anguish in her daily life. She does not allege that the silicone-gel implant was defective or unreasonably dangerous. Smith’s expert is expected to testify only that Eriksson negligently performed an unconsented to procedure and negligently failed to obtain proper informed consent, in other words that he performed the unconsented to implant when he knew or should have known that Smith was opposed to a silicone-gel implant and consented only to the latissimus-dorsi procedure.
Eriksson impleaded McGhan as manufacturer of the implant for contribution and indemnification. He claims that if the implant is “potentially dangerous,” then that potential is the fault of McGhan. McGhan now moves for summary judgment against both claims.
DISCUSSION
Summary judgment shall be granted where there are no genuine issues as to any material fact in dispute and where the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass 419, 422 (1983); Community Natl Bank v. Dawes, 369 Mass 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, “and [further,] that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). “A complete failure of proof concerning an essential element of the non-moving parly’s case renders all other facts immaterial” and mandates summary judgment in favor of the moving party. Kourouvacilis v. General Motor Corp., 410 Mass. 706, 711 (1991) (citing Celotexv. Catrett, 477U.S. 317, 322 (1986)).
I. Eriksson’s claim for contribution
General Law c. 231B, §1 provides that “where two or more persons become jointly liable in tort for the same injury to [a] person . . . , there shall be a right of contribution among them ...” A basic requirement of contribution is that the putative contributor must be directly liable to the plaintiff, thereby making the third party a joint tortfeasor with the party seeking contribution. Berube v. Northampton, 413 Mass. 635, 638 (1992), Elias v. Unisys Corp., 410 Mass. 479, 480-81 (1991) (joint tortfeasors are “two or more wrongdoers [who] negligently contribute to the personal injury of another by their several acts").
Smith does not allege that McGhan was negligent or otherwise a wrongdoer. Nor does her allegation that the implant is “potentially dangerous,” even if true, mean that McGhan did anything that constitutes a legal wrong. In order for McGhan to be liable for contribution, Eriksson has the burden of proving Mc-Ghan negligently designed or manufactured the silicone-gel breast implant and that its negligence caused harm to Smith. McGhan was not required to manufacture a risk-proof implant, nor was it required to anticipate and guard against remotely possible or highly speculative damages. There are no facts in this record upon which reasonable persons may conclude that there is a greater probability than not that at least some of the harm allegedly suffered by Smith was due to causes for which McGhan is legally responsible. No expert opinion has been submitted to the court as to the defective design of the silicone-gel. Gynan v. Jeep Corp., 13 Mass.App.Ct. 504, 508-09 (expert testimony as to defective nature of design is indispensable element of plaintiffs case where defect involves technical or scientific issues), app. denied 386 Mass. 1104 (1982).
At oral argument, Eriksson argued that if, against Eriksson, Smith were to recover damages for pain and suffering triggered by fear of the implant, that would be enough to make McGhan liable for contribution. Smith’s fear is based upon newspaper reports and other hearsay. Hearsay might be able to be used by Smith to demonstrate that her fear is both genuine and rational; it may not be used for the truth of the matters stated therein to prove that the implant is, in fact, defective. Certainly, had McGhan not made the product, that particular brand of silicone-gel could not have been implanted in Smith and she, therefore, could not fear its presence. But the mere manufacture of a product which may make a foreseeable user fearful does not make McGhan a wrongdoer.
Where, as here, a third-party plaintiff faced with a motion for summary judgment produces no facts to demonstrate that the plaintiff has an underlying cause of action against the third-party defendant, there can be no right of contribution against that third party. Eriksson has not been adjudged liable in tort to Smith. However, it is not premature to decide the contribution claim. If a plaintiff makes no allegation that a third parly is negligent and proffers no such evidence, in the absence of any evidence from the defendant that a third party has done anything which may make it directly liable to the plaintiff, a defendant should not be allowed to continue to maintain an action for contribution against a third party. Eriksson understandably may be reluctant to attempt to fenret out facts that may prove that the gel implant actually is dangerous and that it was negligently designed or manufactured and that such negligence has caused Smith to suffer injuries or will cause her to suffer injuries in the future. These facts well may be used against him to increase his own exposure. Nevertheless, Eriksson chose, as a matter of litigation strategy, to file a third-party claim now. If there is no evidence that a third party has been negligent in some fashion that would expose it to direct liability to the plaintiff, that third party should not be forced to retain a contingent liability on its books until the underlying *246 action has been resolved. Because there is a complete failure of proof concerning an essential element of Eriksson’s claim for contribution, namely that Smith has a cause of action against McGhan, summary judgment in favor of McGhan is warranted.
II. Eriksson’s claim for indemnification
Eriksson has also claimed indemnification from McGhan as a result of plaintiffs’ allegation that Smith has a potentially dangerous breast implant in her body. Three situations give rise to a right to indemnify: 1) an express contract for indemnification: 2) a contractual right to indemnification implied from the relationship between the parties; and 3) a tort based right to indemnification. Araujo v. Woods Hole, 693 F.2d 1, 2 (1st Cir. 1982). The facts do not support a right to indemnification under any of these three theories.
Eriksson does not purport to assert a contract based right to indemnification, expressed or implied. The record is silent as to any contractual relationship between Eriksson and McGhan. See Fall River Housing Authority v. H.V. Collins Co., 414 Mass. 10, 14 (1992) (implied right to contractual indemnity recognized only if there are “special factors” which indicate intention by one parly in the contractual relationship to indemnify the other party in a particular situation); H.P. Hood & Sons Inc. v. Ford Motor Co., 370 Mass 69, 77 (1976) (valid and binding contractual relationship between the parties required for contract based right to indemnification).
Tort based indemnification may be sought where the party seeking indemnification did not join in the negligent act but was exposed to liability because of the negligent act of another. Greater Boston Cable Corp. v. White Mountain Cable Construction Corp., 414 Mass. 76, 79 (1992). “The general rule is that a person who negligently causes injury to a third person is not entitled to indemnification from another person who also negligently caused that injury.” Rathbun v. Massachusetts Western Electric Co., 395 Mass. 361, 364 (1985). Only in rare instances, none of which are analogous, has indemnity been allowed to one who was not free from fault. Id.
Not only is there no evidence that McGhan committed any tort, but there is no theory of the plaintiffs case pursuant to which Eriksson could be found liable without a jury also finding that Eriksson himself committed a substantial wrongful act. Eriksson has articulated no set of facts that would subject him to derivative or vicarious liability solely on account of a negligent act of McGhan, and Smith makes no such claim. This case presents no reason to deviate from the tradition that common law indemnification is available only to a defendant whose liability is “vicarious or formal.” Economy Engineering Co. v. Commonwealth, 413 Mass. 791, 794 (1992). Accordingly, McGhan is entitled to summary judgment on the indemnification claim.
ORDER
For the above reasons, the Court hereby ORDERS that the motion of the third-part defendant McGhan Medical Corporation for summary judgment is ALLOWED.

In addition to the arguments discussed infra McGhan also argues that the settlement agreement in a federal multidistrict breast implant class action, in which it is a defendant, precludes Eriksson from recovery against McGhan under theories of contribution and indemnification. In a related argument, McGhan maintains that because this class action settlement was reached in good faith, it is released from liability for contribution under G.L.c. 231, §4. A Final Order and Judgment approving the settlement agreement was entered on September 1, 1994. In re: Silicone Gel Breast Implant Products Liability Litigation (MDL 926), Master File No. CV-92-P-1000-S (N.D. Ala. Sept. 1,1994); Lindsey v. Dow Coming Corp., CV-94-P-11558-S. The final order and judgment provides that claims by persons “not parties to the Settlement Agreement, against whom members of the class may assert claims for breast implant-related injuries . .. are barred from making claims for contribution or indemnification against the Settling Defendants . . .” This court declines to reach McGhan’s arguments based upon the settlement agreement. In certain circumstances, parties, plaintiffs and defendants, will be permitted to opt out or withdraw from the settlement, thereby avoiding its effect. It has been represented to the court that McGhan’s parent company has petitioned to recertify the class members with claims against McGhan as mandatory (non-opt-out), but that this petition has not yet been approved. Moreover, Eriksson, who is not a defendant in the class action, contends that the bar, if applied to nonparties such as him, would be unconstitutional. Of. Martin v. Wilks, 490 U.S. 755, 762 (1989) (a “judgment or decree among parties to a lawsuit resolves issues as among them, but it does not conclude the rights of strangers to those proceedings”). Eriksson has raised a substantial constitutional issue. Given the posture of the federal action and the availability of alternative bases to enter judgment in favor of McGhan, it is unnecessary to attempt to resolve questions as to the constitutionality of the federal court order. Cf. Ashwander v. Tennessee Valley Authority, 297 U.S. 288, 346-48 (1936) (Brandéis, J. concurring) (judiciary should not unnecessarily intervene in constitutional disputes).

McGhan’s memorandum in support of its motion for summary judgment contains an extensive fact section based primarily on Smith’s answers to interrogatories and her deposition testimony. None of the facts were disputed by Eriksson in his memorandum in opposition to the motion for summary judgment, nor did he proffer any additional facts.