**GETTY PETROLEUM CORPORATION, Plaintiff, Appellee,**

v.

**ARIS GETTY, INC., et al., Defendants, Appellees.**

**J.P. Noonan Transportation, Inc., Defendant, Appellant.**

**No. 94–2241.**

United States Court of Appeals, First Circuit.

Heard May 1, 1995.

Decided June 13, 1995.

Natasha C. Lisman with whom William L. Boesch and Sugarman, Rogers, Barshak & Cohen, P.C., Boston, MA, were on brief, for appellant.

Dimitrios Ioannidis with whom Michael S. Field, Beth Pirro Cook and Field & Schultz, Boston, MA, were on brief, for appellees Aris Getty, Inc., et al.

Before BOUDIN, Circuit Judge, ALDRICH and BOWNES, Senior Circuit Judges.

ALDRICH, Senior Circuit Judge.

Two defendants, J.P. Noonan Transportation, Inc., a common carrier, and Aris Getty, Inc., jointly with its owner, George Varelis ("Aris"), were found liable to Getty Petroleum Corporation ("Getty"), a well-known vendor of gasoline, under the Lanham Act, 15 U.S.C. §§ 1114 and 1125, for trademark infringement. Plaintiff's damages were settled via separate negotiations with each defendant. Noonan then cross-claimed against Aris for indemnification. In a thorough opinion the district court disagreed and granted summary judgment for Aris. We affirm.

The facts are simple. In 1981 Varelis formed Aris Getty, Inc., and was licensed by Getty to operate a Getty filling station. It prominently displayed the usual Getty pole sign, and its gasoline pumps and service attendants' uniforms bore the Getty name and marks. Aris had an arrangement with a local distributor to supply it with Getty gasoline. In 1984 Aris terminated its relationship with Getty and thereafter began to purchase unbranded gasoline through J.P. Noonan from another distributor. Except to change the markings on its pumps to "Aris Gas," Aris made no change in the appearance of its station, signs, or employee uniforms.

■ The court found that Noonan "knowingly delivered unbranded gasoline to Aris Getty" while fully aware that Aris "was not an authorized Getty franchise." Although it murmurs at the court's conclusion, Noonan knew that many Aris customers believed they were receiving Getty gasoline. Any other contention would be fanciful. Thus, as the court found, Noonan, jointly with Aris, violated the Lanham Act, 15 U.S.C. § 1114(1), and was contributorially responsible. *Inwood Laboratories Inc. v. Ives Laboratories, Inc.*, 456 U.S. 844, 102 S.Ct. 2182, 72 L.Ed.2d 606 (1982).

[L]iability for trademark infringement can extend beyond those who actually mislabel goods with the mark of another. Even if a manufacturer does not directly control others in the chain of distribution, it can be held responsible for their infringing activities under certain circumstances. Thus, if a manufacturer or distributor intentionally induces another to infringe a trademark, or if it continues to supply its product to one whom it knows or has reason to know is engaging in trademark infringement, the manufacturer or distribu-

tor is contributorially responsible for any harm done as a result of the deceit.

456 U.S. at 853–54, 102 S.Ct. at 2188.

It is true that, as a distributor, Noonan did not have title to the gasoline. However, it had, and supplied, an essential factor—physical possession of the property to which the trademark was to be attached. Liability—which is not questioned—was thus direct, for an affirmative act, and not merely vicarious by operation of law for the act of another.

In this circumstance Noonan's much cited case of *Garbincius v. Boston Edison Co.*, 621 F.2d 1171 (1st Cir.1980), is of no assistance to it, but quite the contrary. In general indemnity is not allowed when liability is based upon one's own fault.[1]

Noonan claims two other strings to its bow, both based on the great disparity between Aris's profits and its own meager ones. We assume the disparity.[2] However, the Massachusetts court's dictum of a claimed indemnitee's fault being disregardable in "exceptional cases" is limited to fault that is "insignificant in relation to that of the indemnitor." *Rathbun v. Western Massachusetts Electric Co.*, 395 Mass. 361, 364, 479 N.E.2d 1383, 1385 (1985). We regard this as relating to conduct, not to profits. We could not label wrongful delivery for five years insignificant. Equally we see no basis for Noonan's claim that its small profits were "special circumstances" that implied a right of indemnity. If Noonan wanted protection it could have asked for it as part of its contract.

*Affirmed.*

---

1. Indemnity is permitted only when one does not join in the negligent act but is exposed to derivative or vicarious liability for the wrongful act of another. In such cases the court has held that plaintiffs in the indemnity actions had no participation in the negligence of the defendants.
   *Garbincius,* 621 F.2d at 1176 (citation omitted).

2. How Aris succeeded in obtaining a much smaller settlement figure than Noonan escapes us, but we think it irrelevant. These were independent agreements, separately arrived at, and there is no question of Noonan's payment having reduced Aris's.