Kern, J.
This case arises out of a medical malpractice action brought by Plaintiff, James Demers (“Plaintiff’) against two physicians for their purported failure to adequately advise and treat his son, Wilfred Demers (“Wilfred”). Plaintiff is the Executor of his deceased son’s estate. Defendant, Doreen Brettler, M.D. (“Brettler”) filed a Third-Party Complaint against the pharmaceutical companies (“the Fractionators”) that processed the factor concentrate that she had administered to Wilfred seeking indemnification (Count I) and contribution (Count II).[4] The Fractionators now move for summary judgment as to Count I of the Third-Party Complaint. For the following reasons, the Fractionators’ motion for summary judgment is ALLOWED.

BACKGROUND

On October 15, 1980, at the age of twenty-three months, Wilfred was referred to the hemophilia clinic at the Medical Center of Central Massachusetts (“MCCM”), located in Worcester. Beginning sometime in or before 1982, Brettler began treating Wilfred for his hemophilia at MCCM. From March 24, 1981, until his death on May 9, 1996, Wilfred’s treatment for hemophilia included infusions of Factor IX concentrate manufactured by the Fractionators. In 1984 or 1985, Plaintiff was informed that Wilfred was HIV positive. At the age of seventeen, Wilfred died from multiple organ systems failure secondary to Acquired Immunodeficiency Syndrome (“AIDS”). On or about September 10, 1997, Plaintiff signed a Release settling all of his claims against the Fractionators as part of the nationwide factor concentrate class settlement.
Plaintiffs complaint alleges claims for wrongful death against Brettler and Peter H. Levine, M.D. (“Levine”), the other physician who treated Wilfred at MCCM. Specifically, Plaintiff alleges, inter alia, that Brettler and Levine breached the duty of care owed to Wilfred by failing to advise Wilfred of alternative treatments and by failing to warn of the risks associated with continued use of Factor IX concentrate. Plaintiff has brought suit against Brettler and Levine pursuant to G.L.c. 229, §6.
Brettler’s Third-Party Complaint against the Fractionators alleges that the Fractionators owed a duty of care to Wilfred to safely manufacture, distribute, and sell Factor IX blood products. Brettler asserts that the death of Wilfred was a direct and proximate result of the acts and omissions of the Fractionators and as such indemnification by the Fractionators is appropriate.

DISCUSSION

I. Standard of Review
Summary judgment is appropriate when no material facts are in dispute and the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c); Highlands Ins. Co. v. Aerovox, Inc., 424 Mass. 226, 232 (1997). The moving party bears the burden *638 of affirmatively demonstrating the absence of a triable issue and showing that the summary judgment record entitles the moving party to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts establishing the existence of a material fact in order to defeat the motion. Pederson, 404 Mass. at 17.
II. Indemnification
Brettler contends that she is entitled to tort-based indemnification from the Fractionators. Such a tort-based right exists where the putative indemnitee is free of negligence. See Leasetec v. Inhabitants of County of Cumberland, 896 F.Sup. 35, 39 (D.Me. 1995) (applying Massachusetts law).
If Brettler is found liable for negligently treating Wilfred, she contends that her liability is premised on the Fractionators’ negligence in developing, processing, manufacturing and distributing the tainted factor concentrate. Brettler further argues that if she is found liable, then her liability is merely “derivative,” “vicarious,” or “constructive.” Brettler argues that these forms of liability result from the fact that Brettler did not participate in the creation of the tainted factor concentrate. She only prescribed the defective product.
Generally, a person who negligently causes injury to a third person is not entitled to indemnification from another person who also negligently caused that injury. See Rathbun v. Western Massachusetts Elec. Co., 395 Mass. 361, 364 (1985). However, “sometimes the successful indenmitee in such a situation is said to have been only ‘constructively’ rather than ‘actually’ negligent or to have been ‘derivatively’ or ‘vicariously’ liable rather than ‘directly’ liable.” Id. At 364. “Only in exceptional cases, however, has indemnity been allowed to one who was not free from fault.” Id. at 364 (citations omitted).
None of the cases cited by Brettler involve indemnification in circumstances analogous to those in the present case. Rathbun, heavily relied on by Brettler, involved injuries sustained when a dump truck came in contact with a voltage electric transmission line at a city landfill. Plaintiffs subsequently brought suit against the Western Massachusetts Electric Company (“WMEC”). Id. at 362. WMEC brought a Third-Party Complaint against the City of Pittsfield seeking indemnification since the City had granted the electric company an easement for the transmission line. Id. at 361-62. The SJC held that indemnity was not appropriate since WMEC was negligent in causing the plaintiffs injuries and “those cases in which indemnity has been allowed to a negligent indemnitee, the indemnitee’s negligence has been insignificant in relation to that of the indemnitor.” Id. at 364. Brettler conceded at oral argument that there were no cases involving indemnification in the medical malpractice area.
In Slocum v. Donahue, 44 Mass.App.Ct. 937 (1998), plaintiffs filed an action alleging negligence and gross negligence by the defendants in driving an automobile which resulted in the death of plaintiffs’ son. See id. at 937. Defendants filed a Third-Party Complaint alleging that Ford Motor Company, the manufacturer of the car defendant was driving, was negligent and breached the warranties of merchantability and fitness for a particular purpose. Id. Defendants sought contribution and indemnity from Ford Motor Company. Id. Prior to trial, plaintiffs and Ford Motor Company reached a settlement in exchange for a release of any claim against Ford Motor Company. Id. Such a settlement is analogous to the type of settlement reached between the Fractionators and Plaintiff here. Addressing the issue of indemnity, the Appeals Court in Slocum held that:
Once Ford settled with the [plaintiffs], the sole question for the fact finder was whether [plaintiffs’ son’s] death was caused by [defendant’s] negligence. [Defendant] was free to claim that he was not negligent and that [plaintiffs’ son’s] death was caused by Ford’s negligence in selling a defective product. Under no set of circumstances could the jury properly have held the [defendant] liable to the [plaintiffs] for the conduct of Ford. Further, in holding [defendant] negligent the jury concluded that he was solely negligent (or was a joint tortfeasor with Ford). [Defendant’s] liability is not vicarious and he is not entitled to indemnification from Ford. If Ford had remained in the case, any liability on its part would have been as a joint tortfeasor, and contribution would have been required. Indemnity would not have been appropriate.

Id.

Brettler’s Third-Party Complaint alleges that Wilfred contracted the HIV virus as a result of the negligence on the part of the Fractionators in manufacturing this tainted blood. If Brettler is able to prove at trial that the Fractionators caused Wilfred’s HIV, then she has a complete defense to Plaintiffs claim of negligence. In Decker v. Black & Decker Mfg. Co., 389 Mass. 35, 36 (1983), plaintiff was injured during the course of his employment with Lenox Machine Company, Inc. (“Lenox”) when a radial arm saw that he was operating caused his hand to be pulled into the revolving blade. The plaintiff brought suit against Black & Decker Manufacturing Co. (“Black & Decker"), the manufacturer of the saw, and Pittsfield Supply Company, Inc. (“Pittsfield”), the supplier, who in turn sought indemnity from Lenox, alleging that plaintiffs injuries were caused by the negligence of Lenox. Id. at 36. The SJC held that Black & Decker was not entitled to indemnity since any negligence on the part of Lenox would constitute a defense to the action against them by plaintiff. Id. at 41. The SJC *639 stated, “Such a defense, however, does not provide the basis for an indemnity claim.” Id.
In a similar situation, this Court (Brassard, J.) held that indemnity from a manufacturer and supplier, who had already settled with the plaintiff was not available to a contracting company whose failure to equip a heavy piece of equipment with appropriate lighting and marking for safe night driving allegedly resulted in injuries to the plaintiff See Wilhelm v. Bonnie & Clyde Contracting Co., 1999 WL 97947, at *5 [9 Mass. L. Rptr. 625]. Accordingly, Brettler does not have a valid claim for indemnification.

CONCLUSION

Any allegations of negligence on the part of the Fractionators may be properly presented to the jury at trial as a defense to Plaintiffs claim of negligence against Brettler. That does not mean, however, that Brettler has a claim for indemnification against the Third-Party Defendants. The Fractionators’ Motion for Summaiy Judgment is ALLOWED.

ORDER

For the foregoing reasons, Third-Party Defendants’ Joint Motion for Summary Judgment is ALLOWED.

In Brettler’s opposition to the Fractionators’ motion for summaiy judgment, Brettler voluntarily dismisses Count II of the Third-Party Complaint and as such Count II for contribution will not be addressed.