Fecteau, J.
INTRODUCTION
Plaintiff James Paul (“Paul”) brought this tort action against the defendant, Drywall Specialties, Inc (“DSI”) to recover damages for injuries he sustained in a construction accident. At the time of the accident, Paul was employed by Cutler Associates, Inc. (“Cutler”), the general contractor for the project. DSI, the subcontractor on the job, in turn, brought a claim for implied indemnification against Cutler. This matter is before the court on third-party defendant, Cutler’s motion for summary judgment pursuant to Mass.R.Civ.P. 56(c). For the following reasons, Cutler’s motion is ALLOWED.
BACKGROUND
Cutler was the general contractor overseeing construction of a Flagship Bank building on Shrewsbury Street in Worcester, Massachusetts. In September 1989, Cutler contracted with DSI to frame, insulate, and weatherize part of the building’s roof. On September 15, 1989, Paul, an employee of Cutler, was working in the course of his employment on the roof at the Flagship Bank construction site. While attempting to clear debris, Paul fell through a hole in the roof onto a cement floor, suffering serious personal injuries. DSI was not present at the worksite on the day of the accident. Paul alleges that DSI negligently left unsecured pieces of brownboard, which were later used to cover the hole he fell through. Paul collected Workers’ Compensation benefits, and thus was barred from bringing any tort claims against his employer, Cutler pursuant to G.L.c. 152, §23.
On or about August 28, 1989, Cutler entered into a Subcontract with DSI. Section 11.11 of the Subcontract addressed the indemnity obligations between the parties and read as follows:
To the fullest extent permitted by law, the Subcontractor shall indemnify and hold harmless the Owner, the Architect and the Contractor and all of their agents and employees from and against all claims, damages, losses and expenses, including but not limited to attorneys fees, arising out of or resulting from the performance of the Subcontractor’s Work under this Subcontract . . . Such obligation shall not be construed to negate, or abridge, or otherwise reduce any other right or obligation of indemnity which would otherwise exist as to any party or person described in this Paragraph 11.11.
On September 29, 1995, DSI, as a third-party plaintiff, asserted claims against Cutler for contribution (Count IV); common law indemnification (Count V); and implied indemnity (Count VI). On November 27, 1995, DSI voluntarily agreed to dismiss Counts IV and V as against Cutler.[2] Thus, the only claim before this court is one for implied indemnity.
*72 STANDARD OF REVIEW
Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Mass.R.Civ.R 56(c). The existence of disputed facts is consequential only if those facts have a material bearing on the disposition of the case. Norwood v. Adams-Russell Co., 401 Mass. 677, 683 (1988). A party in a civil action moving for summary judgment on a claim on which the opposing parly will have the burden of proof at trial is entitled to summary judgment if the moving party demonstrates, by reference to the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, that the party opposing the motion has no reasonable expectation of proving an essential element of that parly’s case. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). “(T]he opposing party cannot rest on his or her pleadings and mere assertions of disputed facts to defeat the motion for summary judgment.” LaLonde v. Eissner, 405 Mass. 207, 209 (1989). “If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat [the] motion for summary judgment.” Pederson v. Time, Inc., 404 Mass. 14, 17 (1989).
The Workers’ Compensation Act “bars a third party sued by the employee from recovering against the negligent employer who has paid workers’ compensation.” Larkin v. Ralph O. Porter, Inc.; Cebco Corp., 405 Mass. 179, 181 (1989); G.L.c. 152, §23. An exception to the exclusivity provision exists where the insured employer and the party seeking indemnification have made an express or implied contract of indemnification. Id. (citations omitted).
An implied right to contractual indemnity arises “only when there are ‘special factors’ surrounding the contractual relationship which indicate an intention by one party to indemnify another in a particular situation.” Fall River Housing Auth. v. H.V. Collins Co.; Cape Cod Lath & Plaster, Inc. 414 Mass. 10, 14 (1992) (citations omitted). See, e.g., Monadnock Display Fireworks, Inc. v. Andover, 388 Mass. 153, 158 (1983). (finding implied agreement by town to indemnify fireworks company for damages paid to injured spectators where town contracted to provide protection at fireworks show); Great Atl. & Pac. Tea Co. v. Yanofsky, 380 Mass. 326, 331-32 (1980) (lessor impliedly agreed to indemnify lessee for damages resulting from lessor’s failure to make promised repairs).
DSI argues that Cutler had a nondelegable duty to provide worksite safety at the construction site, and that this special factor evidences an. implied right of contractual indemnity. This court disagrees. Section 11.5.1 imposes an obligation on the subcontractor to “Lake all reasonable safety precautions with respect to his Work ...” Additionally, Section 11.1.1 provides that “the Subcontractor shall assume toward the Contractor all the obligations and responsibilities which the Contractor . . . assumes toward the Owner . . .” Accordingly, DSI and Cutler both had an obligation to insure safety at the workesite. See Dilaveris v. W.T. Rich Co., Inc., 39 Mass.App.Ct. 115, 119-20 (1995), rev. granted, 421 Mass. at 1105 (general and subcontractors had coextensive duty to maintain safe working conditions in absence of language granting sole responsibility over all safety aspects of the work to general contractor). In the absence of any other special factors, the court finds that there is no implied indemnity agreement between the parties.
DSI next contends that summary judgment is inappropriate because there is a material issue of fact regarding the intent of the parties to the subcontract. More specifically, DSI argues that Section 11.11 was only intended to apply to situations where suit was brought against Cutler, for injuries resulting from DSI’s negligence, and that in cases where DSI’s liability was the result of Cutler’s negligence, the parties impliedly agreed that Cutler had a duty to indemnify. For this proposition, DSI relies on a provision in the Subcontract stating that “[s]uch obligation shall not be construed to negate, or abridge, or otherwise reduce any other right or obligation of indemnity which would otherwise exist as to any party ...” The court finds this language too vague to show any intent on the part of Cutler to indemnify DSI. See Fall River Housing Auth. v. H.V. Collins Co., supra at 13, 15 (rejecting general contractor’s argument that provision in subcontract stating “[s]uch obligation shall not be construed to . . . reduce any other right or obligation of indemnity” preseved implied right of contractual indemnity). Moreover, this court concludes that such an interpretation would be wholly contrary to the plain language in Section 11.11.1 which obligates DSI to provide indemnification to Cutler, but does not impose any such duty on Cutler to indemnify DSI. See Monadnock Display Fireworks, Inc. supra at 157 (interpretation of unambiguous written document is matter of law for the court). Thus, this court concludes that summary judgment is appropriate with respect to the implied indemnification claim.
ORDER
For the foregoing reasons it is hereby ORDERED that third-party defendant, Cutler Associates, Inc.’s motion for summary judgment is ALLOWED with respect to Count VI of the third-party complaint.

 Because of the voluntary dismissal of the claims for contribution and common law indemnification, this court need not address the arguments surrounding whether DSI would be barred from seeking indemnification because of its own negligence.

 Cutler Associates, Inc.