Arthur ARAUJO, Plaintiff, Appellee,

v.

WOODS HOLE, MARTHA'S VINEYARD, NANTUCKET STEAMSHIP AUTHORITY, Defendant, Appellant.

v.

NEW ENGLAND TELEPHONE CO., Third-Party Defendant, Appellee.

Nos. 82–1125, 82–1232.

United States Court of Appeals, First Circuit.

Argued Oct. 5, 1982.

Decided Nov. 3, 1982.

Rehearing Denied Dec. 2, 1982.

Frank H. Handy, Jr., Boston, Mass., with whom Kneeland, Kydd & Handy, Boston, Mass., was on brief, for defendant, appellant.

Joseph P. Flannery, Boston, Mass., with whom Kevin J. Flannery and Latti Associates, Boston, Mass., were on brief, for appellee Arthur Araujo.

**2**

John C. Kane, Jr., Boston, Mass., with whom John M. Harrington, Jr., and Ropes & Gray, Boston, Mass., were on brief, for appellee New England Tel. & Tel. Co.

Before PECK,* Senior Circuit Judge, CAMPBELL and BREYER, Circuit Judges.

LEVIN H. CAMPBELL, Circuit Judge.

Woods Hole, Martha's Vineyard and Nantucket Steamship Authority (Woods Hole) appeals from the district court's entry of summary judgment for third-party defendant New England Telephone Company (NET) and judgment for plaintiff Arthur Araujo.

The facts of this case can be summarized briefly. Araujo, a bosun on a Woods Hole ferry, was injured when he was hit by an NET van boarding the ferry. Araujo first brought suit against NET in the Massachusetts Superior Court. NET impleaded Woods Hole in that action. The state jury found in NET's favor.

Before the state verdict was handed down, Araujo brought the present action against Woods Hole in the United States District Court for the District of Massachusetts. The complaint contained counts of unseaworthiness and negligence, but the unseaworthiness count was dismissed before trial. Woods Hole, seeking either indemnification or contribution, impleaded NET in the federal action. After the state judgment was entered, NET sought and was granted summary judgment. The case then went to trial, and the jury returned a verdict in Araujo's favor.

Woods Hole now claims that the district court erred both by granting NET summary judgment and by refusing to enter either a directed verdict or a judgment notwithstanding the verdict. We find both claims without merit.

Woods Hole's third-party complaint could be read as seeking either indemnification or contribution. On appeal, however, Woods

Hole waived any claim for contribution. Therefore, we only address its right to indemnification.

█ Three different sets of circumstances may give rise to a right to indemnification. First, an express agreement may create a right to indemnification. W. Prosser, *Law of Torts* § 51 (4th ed. 1971). Second, a contractual right to indemnification may be implied from the nature of the relationship between the parties. *Ryan Stevedoring Co. v. Pan-Atlantic S.S. Corp.*, 350 U.S. 124, 133–34, 76 S.Ct. 232, 237–38, 100 L.Ed. 133 (1956). Third, a tort-based right to indemnification may be found where there is a great disparity in the fault of the parties. *Zapico v. Bucyrus-Erie Co.*, 579 F.2d 714, 718 (2d Cir.1978); W. Prosser, *Law of Torts* § 51.

█ None of the three theories support Woods Hole's claim for indemnification. As there was no express agreement between Woods Hole and NET, that theory cannot apply.[1] The implied contract theory is equally unsupportable here. A right to indemnification may not be implied merely from the fact that Woods Hole was subjected to tort liability for an injury that it believes NET played a role in causing. Such a theory "turns indemnity on its head." *Santisteven v. Dow Chemical Co.*, 506 F.2d 1216, 1219 (9th Cir.1974). See *Thomas v. Lockheed Aircraft Corp.*, 665 F.2d 1330, 1333 (D.C.Cir.1981), *cert. granted*, 456 U.S. 913, 102 S.Ct. 1766, 72 L.Ed.2d 172 (1982). Rather, a contractual right to indemnification will only be implied when there are unique special factors demonstrating that the parties intended that the would-be indemnitor bear the ultimate responsibility for the plaintiff's safety, *Roy v. Star Chopper Co.*, 442 F.Supp. 1010, 1019 (D.R.I.1977), *aff'd*, 584 F.2d 1124 (1st Cir. 1978), *cert. denied*, 440 U.S. 916, 99 S.Ct. 1234, 59 L.Ed.2d 466 (1979), or when there is a generally recognized special relationship

---

* Of the Sixth Circuit, sitting by designation.

1. Woods Hole filed with this court a bill of lading "similar to" one under which the ferry

may have carried the NET van. The bill of lading was not presented to the district court and accordingly will not be considered on appeal. Fed.R.App.P. 10.

between the parties. W. Prosser, *Law of Torts* at § 51.

The relationship between a vendor and a purchaser is not normally recognized as giving rise to a duty on the part of the purchaser. 442 F.Supp. at 1019. Woods Hole, however, has pointed to two statutes in support of its claim that NET owed it a special duty. Neither statute is apposite. 46 U.S.C. § 192, part of the Harter Act, relieves a shipowner from liability for damage done to cargo. Courts have repeatedly held that the statute is to be construed strictly against the shipowner. *E.g., The Irrawaddy,* 171 U.S. 187, 195–96, 18 S.Ct. 831, 834, 43 L.Ed. 130 (1898); *California & Hawaiian Sugar Refining Corp. v. Rideout,* 53 F.2d 322 (9th Cir. 1931). The statute provides no basis for implying a duty for NET to indemnify the shipowner in these circumstances. *See also The Hamilton,* 207 U.S. 398, 407, 28 S.Ct. 133, 135, 52 L.Ed. 264 (1907) (statute does not cover cases involving personal injuries).

46 U.S.C. § 1304(3) is similarly inapplicable here. That statute does not create any duty running from the shipper to the carrier. More fundamentally, the statute applies only to "contracts for carriage of goods by sea to or from parts of the United States in *foreign trade.*" 46 U.S.C. §§ 1300, 1312 (emphasis added). The Woods Hole ferry operating between Woods Hole and Martha's Vineyard was not in foreign trade.

Woods Hole also cites comment E to section 191 of the Restatement (Second) of Torts as conferring a special duty upon NET. That section merely states that a party availing himself of the privilege of entering the facilities of a public utility is liable for his own negligence. Even assuming that the comment were applicable here, it would only mean that NET would be liable for its own negligence; it would not imply that NET should indemnify Woods Hole for damage caused by Woods Hole's negligence. Accordingly, without any evidence establishing a special relationship between the parties, the district court was correct in not implying a contractual right to indemnification.

The tort-based theory of indemnification is likewise of no assistance to Woods Hole. Designed to shift the whole loss upon the more guilty of the two tortfeasors, *Zapico v. Bucyrus-Erie Co.,* 579 F.2d at 718, it has usually been available only when the party seeking it was merely passively negligent while the would-be indemnitor was actively at fault. *Loose v. Offshore Navigation, Inc.,* 670 F.2d 493, 499 (5th Cir. 1982); *Bosse v. Litton Unit Handling Systems,* 646 F.2d 689, 694 (1st Cir.1981). "Passive negligence" has been limited to instances in which the indemnitee was vicariously or technically liable. *Loose v. Offshore Navigation, Inc.,* 670 F.2d at 499, *Garbincius v. Boston Edison Co.,* 621 F.2d 1171, 1176 (1st Cir.1980). Where the party seeking indemnification was itself guilty of acts or omissions proximately causing the plaintiff's injury, tort indemnification is inappropriate. *Wedlock v. Gulf Mississippi Marine Corp.,* 554 F.2d 240, 243 (5th Cir. 1977).

In finding Woods Hole liable to Araujo the jury had to have concluded that Woods Hole had committed acts or omissions proximately causing Araujo's injuries. The only count to reach the jury—that in negligence—was premised on the theory that Woods Hole's own employees had negligently waved the NET van onto the ferry before the bosun expected it. Even assuming arguendo that it remained open to Woods Hole to try to show that NET was negligent also, Woods Hole's own active negligence would have precluded a claim for indemnification.

Tort indemnification is furthermore inappropriate because in Araujo's state action NET was acquitted of all negligence to the plaintiff. *Dawn v. Essex Conveyors, Inc.,* 498 F.2d 921 (6th Cir.), *cert. denied,* 419 U.S. 1040, 95 S.Ct. 528, 42 L.Ed.2d 317 (1974). The tort-based theory of indemnification has been held akin to contribution between tortfeasors in that the indemnitor as well as the party seeking indemnification must be liable to the plaintiff. *Id.* at 924–25. And, more generally, the whole concept

**4**

of tort-based indemnity—that the indemnitor's fault was far greater than that of the indemnitee—is clearly incompatible with what appears here.

█ Woods Hole's claim that the district court erred by not granting its motion for a directed verdict and a judgment notwithstanding the verdict is equally without merit. Evidence at trial suggested that Woods Hole had a long-standing custom of not sending vehicles onto the ferry until the bosun signaled that he was ready to receive the vehicles. Evidence indicated that the custom was not followed the evening of Araujo's injury and that Woods Hole employees signaled the NET van to board the ferry before Araujo had signaled that he was ready to receive the load. From such evidence it was not unreasonable for the jury to infer that Woods Hole was negligent.

*The judgment is affirmed in both appeals.*

### MEMORANDUM AND ORDER

Woods Hole's reliance upon *United States v. Reliable Transfer Co.,* 421 U.S. 397, 95 S.Ct. 1708, 44 L.Ed.2d 251 (1975) and *Loose v. Offshore Navigation, Inc.,* 670 F.2d 493 (5th Cir.1982) is misplaced. Neither of these cases nor the theory of comparative fault they articulate was raised by Woods Hole either before the district court or us prior to the petition for rehearing. *See Johnston v. Holiday Inns, Inc.,* 595 F.2d 890, 894 (1st Cir.1979) (will not consider on appeal issues not raised before the district court). Moreover, we doubt that a comparative fault system as applied in *Loose v. Offshore Navigation, Inc.,* would be appropriate here in any event as liability cannot be divided between Woods Hole and third-party defendant New England Telephone Co., because of the Massachusetts state court judgment finding the telephone company not liable to the plaintiff. *Cf. Dawn v. Essex Conveyors, Inc.,* 498 F.2d 921 (6th Cir.), *cert. denied,* 419 U.S. 1040, 95 S.Ct. 528, 42 L.Ed.2d 317 (1974) (indemnification inappropriate where would-be indemnitor cannot be liable to the plaintiff).

The petition for rehearing is denied.