Agnes, A.J.
INTRODUCTION
The plaintiff, Prabhaker Agrawal (plaintiff or Agrawal), filed this suit against the defendant, Michael Conlon (defendant or Conlon), seeking contribution and indemnification for taxes owed to the United States Internal Revenue Service (IRS) and Massachusetts Department of Revenue (DOR). The defendant thereafter filed a third-party complaint against Irene E. Agrawal (Irene) for contribution and indemnity for any judgments assessed against defendant as a result of plaintiffs claim. The defendant now moves for summary judgment on the plaintiffs claims. The defendant’s Motion for Summary Judgment is ALLOWED.
FACTUAL BACKGROUND
The plaintiff, at all times relevant to this lawsuit was president and chief executive officer of Specialized Software International and Solutions 2000 International, two companies involved in providing Y2K conversion and software packages. In December 1996, Conlon was hired as the chief financial officer of both companies. The plaintiff maintains that one of the defendant’s duties as CFO was to pay all taxes for the two companies.[1] Due to the companies’ failure to make timely tax payments in the first quarter of2000, Agrawal received assessments from the IRS in excess of $500,000 and from the DORin excess of $150,000.
The plaintiff contends that as the defendant was responsible for payment of taxes, the plaintiff is entitled to contribution or indemnification from the defendant with regard to the assessments by the IRS and DOR. The defendant now moves for summary judgment on the basis that there is no right created in the federal tax code that allows the plaintiff to seek contribution under state contribution theories. Further, the defendant argues there is no right to contribution or indemnity under the Massachusetts Tax Laws.
DISCUSSION
Summary judgment is appropriate “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.” Mass.R.Civ.P. 56(c). A party moving for summary judgment who does not bear the burden of proof at trial may demonstrate the absence of a triable issue either by submitting affirmative evidence negating an essential element of the nonmoving party’s case or by showing that the nonmoving party has no reasonable expectation of proving an essential element of its case at trial. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991).
Federal Penalty Assessments
26 U.S.C. §6672 provides in pertinent part:
(a) General Rule — Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for or pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over.
(d) Right of contribution where more than 1 person liable for penalty. If more than 1 person is liable for the penalty under subsection (a) with respect to any tax, each person who paid such penalty shall be entitled to recover from other persons who are liable for such penalty an amount equal to the excess of *259 the amount paid by such person over such person’s proportionate share of the penalty . . .
The defendant argues that it is entitled to summary judgment because §6672 only allows a plaintiff to seek contribution if such plaintiff has already paid the taxes assessed. Specifically, the defendant points to the language in §6672(d) which states “each person who paid such penalty shall be entitled to recover from other persons who are liable.” Agrawal argues however that despite the requirement in §6672 that a liable person pay the penalty prior to seeking contribution, he is entitled to seek contribution for such penalties pursuant to Massachusetts common-law remedies for contribution.
In 1996, §6672 was amended to include subsection (d) which provides a federal cause of action for contribution among responsible parties. Prior to this amendment a number of courts held that Section 6672 did not provide a federal cause of action for contribution. See e.g. Conley v. United States, 773 F.Sup. 1176 (S.D.In. 1991), DiBenedetto v. United States, 35 A.F.T.R.2d 75-1502 (D.R.I. 1974). Likewise, courts have held that there is no state law right of contribution among persons against whom penalties are sought under §6672. Conley, 773 F.Sup. at 1177, Marine Bank of Champaign-Urbana v. United States, 739 F.Sup. 1257, 1259 (C.D.Ill. 1990).
The courts in Conley and Marine Bank found that if Congress had intended for a state law to provide a right of contribution under §6672, it could have included a section which allows state law remedies to fill the gaps left by the federal law. Conley, 773 F.Sup. at 1177, Marine Bank, 739 F.Sup. at 1259. This statement is now more true than ever, considering §6672 has been amended to allow for a federal cause of action for contribution. In doing so, Congress expressly excluded a provision allowing for state law remedies, thereby making the federal remedy the exclusive avenue from which to seek contribution for federal tax penally assessments. Conlon has shown that as a matter of law, the plaintiff cannot maintain an action on the theory that it is entitled to seek contribution under §6672 by using state law remedies. Accordingly, the defendant’s Motion for Summary Judgment on the plaintiffs claim for contribution for penalties assessed pursuant to §6672 is ALLOWED.
State Penalty Assessments
M.G.L.c. 62B, §5 provides in pertinent part:
Every employer who fails to withhold or pay to the commissioner any sums required by this chapter to be withheld or paid shall be personally and individually liable therefor to the commonwealth. The term “employer,” as used in this paragraph and in section eleven, includes an officer or employee of a corporation, or a member or employee of a partnership, who as such officer, employee or member is under a duty to withhold and pay over such taxes in accordance with this section and section two. Any sum or sums withheld in accordance with the provisions of section two shall be deemed to be held in trust for the commonwealth.
The plaintiff argues that while G.L.c. 62B does not expressly provide for contribution among persons liable for tax penalties, he is entitled to contribution pursuant to G.L.c. 231B, §1, which provides:
(a) Except as otherwise provided in this chapter, where two or more persons become jointly liable in tort for the same injury to person or property, there shall be a right of contribution among them even though judgment has not been recovered against all or any of them.
The plaintiff analogizes the government’s tax collection procedures with a tort and claims that the defendant is a joint tortfeasor by virtue of the fact that the defendant falls under the definition of “employer” under G.L.c. 62B, §5. However, Agrawal can point to no authority which supports this assertion.[2] G.L.c. 231B, § 1(a) is designed to distribute damages among all those liable in tort for the same offense and without liability in tort, there is no right to contribution. Berube v. Northampton, 413 Mass. 635, 638 (1992), Dighton v. Federal Pacific Electric Co., 399 Mass. 687, 691 (1987).
In determining whether a particular statutoiy action supports a claim for contribution under G.L.c. 231B, a court must look to whether the underlying claim is in essence a tort claim. Thomas v. EDI Specialists, Inc., 437 Mass. 536, 539 (2002). In Thomas, the court found that a claim for discrimination does not sound in tort and refused to allow a defendant’s third-party claim for contribution under G.L.c. 231B against an employee who had discriminated against the plaintiff in violation of G.L.c. 151B, §9. Id The court found that because G.L.c. 151B did not expressly provide for contribution, allowing a defendant to seek contribution under G.L.c. 231B would undermine the intent of the statute to provide procedures for bringing discrimination claims against employers. Id. at 539-40.
While it appears that the DOR could hold Conlon responsible under G.L.c. 62B, §5, the DOR has not taken action against the defendant. Unlike its federal counterpart, 26 U.S.C. §6672, the Massachusetts statute is silent as to contribution among responsible parties. If the legislature had intended to allow for such contribution, it would have done so as it has with other Massachusetts statutes.[3] G.L.c. 62B, §5 allows the DOR to assess penalties to employers responsible for paying taxes, it does not provide the government with a cause of action in tort. As there is no tort in this instance, the defendant cannot be a joint tortfeasor under G.L.c. 231B. The plaintiff has failed to refute the defendant’s argument that as a matter of law, the plaintiff is not entitled to seek contribution under G.L.c. 62B, §5. Therefore, the defendant’s Motion for *260 Summary Judgment on the plaintiffs claim for contribution on the state tax penalties is ALLOWED.
Indemnification
The plaintiff also seeks indemnification from the defendant for the penalties assessed by the IRS and DOC. Indemnity allows someone who is without fault, compelled by operation of law to defend himself against the wrongful act of another, to recover from the wrongdoer the entire amount of his loss. Elias v. Unisys Corp., 410 Mass. 479, 482 (1991). Tort-based indemnification may be found where there is a great disparity in the fault of the parties. Araujo v. Woods Hole, Martha’s Vineyard Nantucket S.S. Authority, 693 F.2d 1, 2 (1 st Cir. 1982). As this court has already held that the penalties assessed to the plaintiff are not tort actions, there is no need to address the issue of whether the plaintiff is entitled to indemnification due to the fault of its agent, the defendant.
Indemnity can also arise from express or implied contractual arrangements. Fall River Housing Authority v. H.V. Collins Co., 414 Mass. 10, 14 (1992). An implied right to contractual indemnity arises when there are special factors surrounding the contractual relationship which indicate an intention by one party to indemnify the other in a particular situation. Id. The plaintiff concedes that there is no express contractual arrangement for indemnity but argues that it can recover on a claim for indemnity on a theoiy of implied contract because the defendant’s contract required him to pay taxes as CFO. This argument is without merit. A right to indemnification may not be implied merely from the fact that Agrawal was subjected to penally assessments that he believes Conlon is responsible for. Araujo, 693 F.2d at 2. The plaintiff has not presented any evidence that its agreement with the defendant to perform duties as CFO in any way implied an indemnification of the plaintiff from tax penalties. The plaintiff claims that indemnify should be based on the defendant’s employment contract but does not provide this contract as evidence of its assertions. The plaintiff has failed to show that it is entitled to indemnity for any of the penalties assessed. Therefore the defendant’s Motion for Summary Judgment on the plaintiffs claim for indemnity is ALLOWED.
ORDER
For the foregoing reasons, it is hereby ORDERED that the defendant’s Motion for Summary Judgment on the plaintiffs claims for contribution and indemnity are ALLOWED.

 The parties dispute whose responsibility it was to make tax payments. While there are a number of disputed facts in this case as to the responsibilities of the parties and the positions they held within the company, these facts are immaterial to the disposition of this action.

 Plaintiff does point to a federal district court case which analogizes the federal statute with a tort claim. Internal Revenue Service v. Blais, 612 F.Sup. 700 (D.Mass. 1985). However, in that case, the court made this analogy for the sole purpose of applying agency law to make the determination of whether a person is responsible for penalties assessed under the statute. The case makes no mention of contribution between responsible persons.

 G.L.c. 106, §3-116 provides for contribution among persons who are jointly liable for payment on a negotiable instrument.