Rutberg, J.
This is an appeal on an agreed statement of facts pursuant to Rule 8B of the Dist/Mun. Cts. R. A. D. A. In 1986, Advance Manufacturing Company, Inc. (“Advance Manufacturing”) entered into a written agreement with Data General Service, Inc. (“Data General”), whereby Data General was to supply maintenance services to Advance Manufacturing’s computers. The term of the contract between Advance Manufacturing and Data General was one year with an automatic renewal each year until terminated by a sixty-day notice in writing by either party. Data General was merged into EMC2 in 2000, and EMC2 provided services to Advance Manufacturing according to the Data General contract through 2001.
In the beginning of 2002, Advance Manufacturing changed its computers from a main frame to a PC based system; and as such, it no longer needed the services provided under the original contract. Advance Manufacturing did not formally terminate the agreement, but it gave oral notice to EMC2 of its intention to do so, which EMC2 treated as the required written notice. Advance Manufacturing ceased making payments prior to the effective date of the oral termination notice, and EMC2 instituted suit to collect those payments. Advance Manufacturing moved for summary judgment, and EMC2 filed a similar motion. The trial court heard both motions at the same hearing, and it allowed EMC2’s motion for summary judgment while denying Advance Manufacturing’s motion. Thereafter, the parties agreed on the dollar amount of the judgment, while Advance Manufacturing appealed the allowance of the motion which led to the judgment.
Advance Manufacturing raises three issues in this appeal: (1) EMC2 should be barred by the statute of frauds from recovering under its contract; (2) the assignment of Data General’s contract to EMC2 was either invalid, or its validity could only be established after the resolution of factual issues; and (3) it was entitled to summary judgment on EMC2’s claim sounding in quantum meruit as there was no evidence that Advance Manufacturing ever received anything of value from EMC2 during the period for which recovery under the contract was sought.
“The standard of review of a grant of summary judgment is whether, viewing the evidence in the fight most favorable to the nonmoving party,... the moving party is entitled to a judgment as a matter of law.” Augat, Inc. v. Liberty Mut. Ins. Co., 410 Mass. 117, 120 (1991). See also Greater Lawrence Sanitary Dist. v. Town of North Andover, 439 Mass. 16, 20-21 (2003). “Review of a grant or denial of summary judgment involves the same standard employed initially by the trial court.” J.W. Smith & H.B. Zobel, Rutes Practice §56.10, at 364 (1977). See also Fall River Hous. Auth. v. H.V. *127 Collins Co., 414 Mass. 10, 12 (1992).
We are able to dispose of the first two issues which Advance Manufacturing has raised at the same time. There is no question that the agreement between Data General and Advance Manufacturing was in writing and that the agreement meets the requirements of the Statute of Frauds, G.L.c. 259, §1. Advance Manufacturing argues, however, that the enforceability of its contract with Data General by EMC2 is dependent upon a finding that Data General assigned its contract to EMC2. EMC2, however, submitted a certificate from the Secretary of State of Delaware that states that Data General Corporation was merged into EMC Corporation, a Massachusetts corporation, on November 4, 1999. Advance Manufacturing has not disputed the merger, or its effective date. Section 80(a) (5) of G.L.c. 156B provides that upon the effective date of a merger, “all of the estate, property rights, privileges, powers and franchises of the constituent corporation ... shall be transferred to and vested in the resulting or surviving corporation, without further act or deed. ...” The merger acted simply to replace EMC2 for Data General in the original contract. Therefore, EMC2 has no burden to plead or prove that Data General assigned its rights under the agreement with Advance Manufacturing, which agreement satisfies the Statute of Frauds.
Advance Manufacturing argues that since its agreement with Data General was to provide services that were unique to Data General, such a contract is not assignable. This argument is misplaced as G.L.c. 156B, §80 (a) (5) puts EMC2, as the surviving corporation, in the shoes of Data General, its constituent corporation, by operation of law. Advance Manufacturing offers no authority to support its contention that the statute does not apply to a contract for computer maintenance services, while the clear language of the statute appears otherwise. Advance Manufacturing’s argument might be persuasive if the contract in question required the services of a specific individual whose talent and skill were purposely bargained for. In this case, we must look to the agreement itself to determine if a merger or consolidation affects its validity, and the agreement is silent on the subject. Therefore, the statute must control.
Advance Manufacturing also maintains that the trial court erred by not ruling that EMC2 was precluded from recovering on the count in its complaint which sounds in quantum meruit. In light of the discussion above, it is clear that EMC2 was entitled to summary judgment on its contract claim, which renders the quantum meruit claim moot.
The decision of the trial court is affirmed.
So ordered.